■ Rosario Arias, Respondent, v New York City Housing Authority, Appellant. [835 NYS2d 180]—

Order, Supreme Court, Bronx County (Alexander W. Hunter, Jr., J.), entered on or about June 7, 2006, which, inter alia, granted petitioner's application for leave to serve a late notice of claim on respondent Housing Authority, unanimously re-

versed, on the law, without costs, the application denied and the petition dismissed.

Petitioner claims that after alighting from a bus, she tripped and fell on a raised block or brick forming a decorative border around a tree well. She served timely notices of claim on the City of New York, New York City Transit Authority, and Manhattan and Bronx Surface Transit Operating Authority, but, after her attorney, at some unspecified point, determined that the premises abutting the tree well were owned by respondent, she served the instant application approximately seven months after the accident. Petitioner's mistaken belief that the City of New York or agencies other than respondent were responsible for the tree well does not constitute a reasonable excuse for the delay (see Jenkins v New York City Hous. Auth., 29 AD3d 319, 319-320 [2006]; Lugo v New York City Hous. Auth., 282 AD2d 229 [2001]; Seif v City of New York, 218 AD2d 595, 596 [1995]). Petitioner concedes that respondent did not receive actual notice of the facts underlying her claim until she served the instant application, and her argument that respondent received notice within a reasonable time because such service was made within the one-year-and-90-day limit imposed by General Municipal Law § 50-e (5) is without merit. Furthermore, the delay of approximately seven months prejudiced respondent's ability to investigate the alleged defect, identify witnesses, and collect their testimony based on fresh memories (see Matter of Gomez v City of New York, 250 AD2d 443 [1998], lv denied 92 NY2d 809 [1998]). Finally, dismissal of the petition is also required by respondent's unrebutted evidence that it does not own the premises described in the proposed notice of claim, and we decline to consider the information dehors the record that petitioner places in her appellate brief (see Becker v City of New York, 249 AD2d 96, 98 [1998]). Concur—Andrias, J.P., Saxe, Nardelli, Williams and Catterson, JJ.