■ In the Matter of KONSTANTINOS KALAMBALIKIS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [839 NYS2d 182]—

In a proceeding, inter alia, pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated July 18, 2006, which, in effect, denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

In determining whether a petitioner should be granted leave to serve a late notice of claim against a housing authority, the court must, in its discretion, take into consideration the following factors: (1) whether the petitioner had a reasonable excuse for the delay in serving a notice of claim, (2) whether the housing authority acquired actual knowledge of the essential facts of the claim within the statutory 90-day period, or within a reasonable time thereafter, and (3) whether the housing authority will be substantially prejudiced by the delay in its defense on the merits (see General Municipal Law § 50-e [5]; Matter of

*White v New York City Hous. Auth.,* 38 AD3d 675, 676 [2007];
*Matter of Welch v New York City Hous. Auth.,* 7 AD3d 805
[2004]).

Here, the petitioner failed to establish that he had a reasonable excuse for his delay in serving a notice of claim *(see Williams v Nassau County Med. Ctr.,* 13 AD3d 363, 364 [2004], *affd* 6 NY3d 531 [2006]; *Matter of Pico v City of New York,* 8 AD3d 287, 288 [2004]; *Matter of Landa v City of New York,* 252 AD2d 525, 526 [1998]). In addition, he failed to establish that the respondent had knowledge of the essential facts underlying his claim within 90 days of its accrual, or within a reasonable time thereafter *(see Washington v City of New York,* 72 NY2d 881, 883 [1988]; *see also Matter of Martinez v New York City Hous. Auth.,* 250 AD2d 686, 687 [1998]). Finally, he failed to establish that the respondent would not be substantially prejudiced by the delay in its defense on the merits *(see Matter of Lyerly v City of New York,* 283 AD2d 647, 648 [2001]).

Therefore, contrary to the contention of the petitioner, the Supreme Court providently exercised its discretion in denying him leave to serve a late notice of claim *(see* General Municipal Law § 50-e [5]).

The petitioner's remaining contentions are without merit. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.