■ In the Matter of FRANKLIN R. WRIGHT et al., Respondents, v CITY OF NEW YORK et al., Appellants, et al., Respondent. [888 NYS2d 125]—

In a proceeding pursuant to General Muncipal Law § 50-e (5) for leave to serve a late notice of claim, the appeal is from an order of the Supreme Court, Richmond County (Maltese, J.), dated July 17, 2008, which granted the petition.

Ordered that the order is reversed, on the law, with costs, the petition is denied, and the proceeding is dismissed.

Among the factors to be considered by a court in determining whether leave to serve a late notice of claim should be granted is whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or within a reasonable time thereafter, whether

the petitioner had a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the public corporation in maintaining its defense (*see* General Municipal Law § 50-e [5]; *Matter of Vicari v Grand Ave. Middle School*, 52 AD3d 838 [2008]; *Matter of Groves v New York City Tr. Auth.*, 44 AD3d 856 [2007]). While the presence or the absence of any one of the factors is not necessarily determinative (*see Matter of Vicari v Grand Ave. Middle School*, 52 AD3d at 838; *Matter of Chambers v Nassau County Health Care Corp.*, 50 AD3d 1134 [2008]), the issue of whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance (*see Matter of Gonzalez v City of New York*, 60 AD3d 1058 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]).

Generally, the phrase "facts constituting the claim" is understood to mean the facts which would demonstrate a connection between the happening of the accident and any negligence on the part of the municipal corporation (*see Saafir v Metro-North Commuter R.R. Co.*, 260 AD2d 462, 462 [1999]). The municipal corporation must have notice or knowledge of the specific claim and not merely some general knowledge that a wrong has been committed (*see Arias v New York City Health & Hosps. Corp. [Kings County Hosp. Ctr.]*, 50 AD3d 830, 832 [2008]; *Pappalardo v City of New York*, 2 AD3d 699 [2003]).

The petitioners here asserted that the City of New York obtained actual knowledge of the essential facts by virtue of the police accident report made by the responding officer. However, in order for a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the defendants (*see Matter of Boskin v New York City Tr. Auth.*, 44 AD3d 851 [2007]). Here, the police accident report did not provide the City with actual notice of the essential facts constituting the petitioners' claim. The report merely described the circumstances surrounding the accident, and made no connection between the injuries alleged by the petitioners and the allegedly negligent conduct of the City (*see Matter of Gilliam v City of New York*, 250 AD2d 680 [1998]).

Moreover, the petitioners failed to submit any admissible medical evidence to support their claim that the injured petitioner was incapacitated to such an extent that he could not have complied with the statutory requirement to serve a timely notice of claim (*see Matter of Portnov v City of Glen Cove*, 50 AD3d 1041 [2008]; *Matter of Papayannakos v Levittown Mem. Special Educ. Ctr.*, 38 AD3d 902 [2007]).

Finally, the petitioners failed to sustain their burden by rebutting the City's assertions that the delay substantially prejudiced its ability to investigate and defend against the claim (*see Matter of Landa v City of New York*, 252 AD2d 525 [1998]; *Matter of Deegan v City of New York*, 227 AD2d 620 [1996]). Rivera, J.P., Miller, Balkin, Leventhal and Hall, JJ., concur.