■ In the Matter of JAMES TAYLOR et al., Appellants, v COUNTY OF SUFFOLK et al., Respondents. [934 NYS2d 348]—

The Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim. The petitioners failed to demonstrate a reasonable excuse for their one-year delay in filing the petition. The petitioners' alleged ignorance of the law is not a reasonable excuse for their failure to serve a timely notice of claim (*see Matter of Bush v City of New York*, 76 AD3d 628 [2010]; *Matter of Dancy v Poughkeepsie Hous. Auth.*, 220 AD2d 413 [1995]), and the injured petitioner failed to submit any medical evidence to support his claim that he was incapacitated to such an extent that he could not comply with the statutory requirement to serve a timely notice of claim (*see Matter of Wright v City of New York*, 66 AD3d 1037, 1038 [2009]; *Matter of Portnov v City of Glen Cove*, 50 AD3d 1041 [2008]; *Matter of Papayannakos v Levittown Mem. Special Educ. Ctr.*, 38 AD3d 902 [2007]).

The petitioners contend that the respondents acquired actual knowledge of the facts constituting the claim within 90 days after the accident or a reasonable time thereafter by virtue of a police accident report made by the responding police officer. However, for a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation (*see Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]; *Matter of Wright v City of New York*, 66 AD3d at 1038). Here, the police accident report did not provide the respondents with actual notice of the petitioners' claim of negligence in the happening of this accident or of the injured petitioner's claim that he was injured as a result of the respondents' negligence (*see Matter of Wright v City of New York*, 66 AD3d at 1038; *Matter of National Grange Mut. Ins. Co. v Town of Eastchester*, 48 AD3d 467, 468 [2008]). Furthermore, the petitioners failed to demonstrate that the delay did not substantially prejudice the respondents in maintaining their defense on the merits (*see Matter of Liebman v New York City Dept. of Educ.*, 69 AD3d 633 [2010]; *Matter of Smith v Baldwin Union Free School Dist.*, 63 AD3d 1078 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152-153 [2008]). Skelos, J.P., Angiolillo, Belen, Lott and Roman, JJ., concur.