■ In the Matter of Stephen Thompson et al., Appellants, v City of New York et al., Respondents. [943 NYS2d 769]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Kings County (Velasquez, J.), dated September 29, 2010, which denied the petition.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim. The petitioners failed to demonstrate a reasonable excuse for their failure to serve a timely notice of claim. Their attorney's excuse that he only recently discovered that the petitioners had a claim against the respondents was unacceptable (*see Bridgeview at Babylon Cove Homeowners Assn., Inc. v Incorporated Vil. of Babylon*, 41 AD3d 404, 405-406 [2007]; *Matter of Nieves v Girimonte*, 309 AD2d 753 [2003]; *Ribeiro v Town of N. Hempstead*, 200 AD2d 730, 730-731 [1994]).

Additionally, the petitioners failed to establish that the respondents had actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (*see* General Municipal Law § 50-e [5]). The petitioners contend that the respondents acquired timely actual knowledge of the facts constituting the claim by virtue of a police accident report made by a police officer at the scene of the accident. However, for a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation (*see Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]; *Matter of Wright v City of New York*, 66 AD3d 1037, 1038 [2009]). Here, the police accident report did not provide the respondents with actual notice of the petitioners' claim of negligence by the respondents in the happening of this accident or of the petitioners' claim that they were injured as a result of the respondents' negligence (*see Matter of Taylor v County of Suffolk*, 90 AD3d at 770; *Matter of Wright v City of New York*, 66 AD3d at 1038; *Matter of National Grange Mut. Ins. Co. v Town of Eastchester*, 48 AD3d 467, 468 [2008]; *see also Williams v Nassau County Med. Ctr.*, 6 NY3d 531, 537 [2006]). Furthermore, the petitioners failed to demonstrate that the more than nine-month delay after the expiration of the 90-day statutory period did not substantially prejudice the respondents in maintaining their defense on the merits (*see Matter of Liebman v New York City Dept. of Educ.*, 69 AD3d 633 [2010]; *Matter of Smith v Baldwin Union Free School Dist.*, 63

AD3d 1078 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 152-153 [2008]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur.