■ ALEKSANDR KUTERMAN, Respondent, v CITY OF NEW YORK, Appellant. (Matter No. 1.) In the Matter of ALEKSANDR KUTERMAN, Respondent, v CITY OF NEW YORK, Appellant. (Matter No. 2.) [993 NYS2d 361]—

In an action to recover damages for personal injuries, and a

related proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the City of New York appeals from an order of the Supreme Court, Kings County (Baynes, J.), dated August 14, 2013, which granted the petition for leave to serve a late notice of claim and denied its motion to dismiss the complaint in the action for the plaintiff's failure to serve a timely notice of claim.

Ordered that the order is reversed, on the law, on the facts, and in the exercise of discretion, with costs, the petition is denied, the proceeding is dismissed, and the motion of the City of New York to dismiss the complaint in the action is granted.

In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant made an excusable error concerning the identity of the public corporation, (3) the delay would substantially prejudice the public corporation in its defense, and (4) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim (*see* General Municipal Law § 50-e [5]; *Matter of Valila v Town of Hempstead*, 107 AD3d 813, 814 [2013]; *Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 777 [2010]; *Matter of Mounsey v City of New York*, 68 AD3d 998 [2009]).

Even if we were to accept the contention of Aleksandr Kuterman (hereinafter the petitioner) that he committed an excusable error in identifying the municipal agency upon which he was required to serve a notice of claim, the petitioner failed to proffer any excuse for the additional delay of more than seven months between the time that he discovered the error and the filing of his petition for leave to serve a late notice of claim (*see Matter of Murray v Village of Malverne*, 118 AD3d 798 [2014]; *Matter of Valila v Town of Hempstead*, 107 AD3d at 814; *Matter of Burgess v County of Suffolk*, 56 AD3d 769, 770 [2008]).

Furthermore, the City of New York did not acquire timely, actual knowledge of the essential facts constituting the petitioner's claim. The petitioner contends that the City acquired such knowledge by virtue of a police accident report made by a police officer at the scene of the accident. However, for a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation (*see Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]; *Matter of Devivo v Town of Carmel*, 68 AD3d

991, 992 [2009]; *Matter of Wright v City of New York*, 66 AD3d 1037, 1038 [2009]). Here, the police accident report did not provide the City with actual notice of the essential facts constituting the petitioner's claim that the City was negligent in the happening of the subject accident or that the petitioner sustained any injuries as a result of the City's alleged negligence (*see Matter of Klass v City of New York*, 103 AD3d 800, 801 [2013]; *Matter of Thompson v City of New York*, 95 AD3d 1024, 1025 [2012]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769 [2011]; *Matter of Devivo v Town of Carmel*, 68 AD3d at 992; *Matter of Wright v City of New York*, 66 AD3d at 1038). Furthermore, the notice of claim purportedly served upon the New York City Police Department approximately two months after the accident cannot be considered to be the provision of actual notice of the claim to the City (*see Andrews v Long Is. R.R.*, 110 AD3d 653, 654 [2013]; *Matter of Abramovitz v City of New York*, 99 AD3d 1000, 1001 [2012]; *Pecchio v National Safety Envtl.*, 211 AD2d 773, 774 [1995]; *Caselli v City of New York*, 105 AD2d 251, 255 [1984]). The petitioner failed to rebut the City's assertion that the overall 10-month delay in commencing the proceeding here deprived it of the opportunity to find witnesses promptly or otherwise conduct a timely and meaningful investigation in this matter (*see Matter of Abramovitz v City of New York*, 99 AD3d at 1001).

In light of the foregoing, the petition for leave to serve a late notice of claim upon the City should have been denied, and the City's motion to dismiss the complaint in the action should have been granted (*see Matter of White v New York City Hous. Auth.*, 38 AD3d 675, 676 [2007]). Rivera, J.P., Hall, Austin, Miller and Maltese, JJ., concur.