■ In the Matter of Barbara Sperber Thill et al., Appellants, v North Shore Central School District, Respondent. [10 NYS3d 144]—

In a proceeding pursuant to General Municipal Law § 50-e

(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioners appeal from an order of the Supreme Court, Nassau County (K. Murphy, J.), entered December 2, 2013, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc and dismissing the proceeding. The petitioners failed to demonstrate that the respondent had actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see General Municipal Law § 50-e [5]). The petitioners submitted to the Supreme Court a copy of a police accident report as an exhibit. The police accident report indicated that a vehicle driven by a nonparty motorist struck the respondent's employee while the employee was crossing Glen Cove Avenue within a crosswalk with the light in his favor. Immediately thereafter, the vehicle driven by the nonparty motorist crossed the median and struck the petitioners' vehicle, which had been traveling in the opposite direction on Glen Cove Avenue.

For a police accident report to serve as sufficient notice to the public corporation, the public corporation must have been "able to readily infer from that report that a potentially actionable wrong had been committed by [the employee of] the public corporation" (Kuterman v City of New York, 121 AD3d 646, 647 [2014]; see Matter of Klass v City of New York, 103 AD3d 800, 801 [2013]; Matter of Thompson v City of New York, 95 AD3d 1024, 1025 [2012]). A report which describes the circumstances of the accident without making a connection between the petitioner's injuries and negligent conduct on the part of the public corporation will not be sufficient to constitute actual notice of the essential facts constituting the claim (see Matter of Placido v County of Orange, 112 AD3d 722, 723 [2013]; Matter of Thompson v City of New York, 95 AD3d at 1025; Matter of Wright v City of New York, 66 AD3d 1037, 1038 [2009]; see also Williams v Nassau County Med. Ctr., 6 NY3d 531, 537 [2006]). The petitioners' contention that the respondent had actual knowledge of their claim solely on the basis of the allegation that its employee was directly involved in the accident, without more, such as a report or record demonstrating that the respondent acquired actual knowledge of the essential facts constituting the claim, is without merit (see e.g. Matter of Thompson v City of New York, 95 AD3d at 1025; compare Mat-

*ter of Boskin v New York City Tr. Auth.*, 44 AD3d 851, 852 [2007]; *Gibbs v City of New York*, 22 AD3d 717, 719 [2005]; *Picciano v Nassau County Civ. Serv. Commn.*, 290 AD2d 164, 174 [2001]).

Further, the petitioners failed to demonstrate that the delay of nearly two months would not prejudice the respondent (*see Matter of Valila v Town of Hempstead*, 107 AD3d 813, 815 [2013]). In addition, the petitioners failed to establish, through medical documentation, that the petitioners' injuries from the accident were so substantial as to prevent both of them from being able to comply with the 90-day statutory period for timely service of a notice of claim (*see Matter of Wright v City of New York*, 99 AD3d 717, 718 [2012]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]).

In light of the foregoing, we need not reach the parties' remaining contentions. Balkin, J.P., Hall, Austin and Barros, JJ., concur.