■ In the Matter of OSCAR BORRERO, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [22 NYS3d 540]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the New York City Housing Authority appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated May 15, 2015, which granted the petition.

Ordered that the order is reversed, on the law and in the exercise of discretion, with costs, the petition is denied, and the proceeding is dismissed.

In determining whether leave to serve a late notice of claim

should be granted, the court should consider, as key factors, whether the public authority acquired actual knowledge of the essential facts constituting the claim within 90 days of its accrual or a reasonable time thereafter, whether the delay substantially prejudiced the public authority in maintaining its defense on the merits, and whether the petitioner demonstrated a reasonable excuse for failing to timely serve a notice of claim (*see* General Municipal Law § 50-e [5]; Public Housing Law § 157 [2]; *Matter of Alvarez v New York City Hous. Auth.*, 97 AD3d 668, 669 [2012]; *Matter of Kalambalikis v New York City Hous. Auth.*, 41 AD3d 848 [2007]; *Matter of White v New York City Hous. Auth.*, 38 AD3d 675, 676 [2007]).

Here, the petitioner failed to demonstrate a reasonable excuse for his failure to timely serve a notice of claim. The petitioner failed to submit any medical evidence to support his assertion that he was incapacitated to such an extent that he could not have complied with the statutory requirement to timely serve a notice of claim (*see Matter of Snyder v County of Suffolk*, 116 AD3d 1052, 1053 [2014]; *Matter of Bell v City of New York*, 100 AD3d 990, 991 [2012]; *Matter of Wright v City of New York*, 66 AD3d 1037, 1038 [2009]).

Additionally, the petitioner failed to establish that the appellant had actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (*see* General Municipal Law § 50-e [5]). The petitioner's assertion that an unspecified representative of Haks Group, Inc. (hereinafter Haks), the company retained by the appellant to oversee the restoration project of the buildings owned by the appellant, was present at the site when the incident occurred, was insufficient to provide the appellant with actual knowledge of the essential facts constituting the claim (*see Matter of Anderson v Town of Oyster Bay*, 101 AD3d 708, 709 [2012]; *Matter of Casale v City of New York*, 95 AD3d 744, 745 [2012]; *Matter of Grant v Nassau County Indus. Dev. Agency*, 60 AD3d 946, 948 [2009]). Furthermore, the incident report filed by Haks with the appellant on the day of the incident did not provide the appellant with actual notice of the petitioner's claim of negligence by the appellant in the happening of this incident or of the petitioner's claim that he was injured as a result of the appellant's alleged negligence (*see Matter of Thompson v City of New York*, 95 AD3d 1024, 1025 [2012]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]; *Matter of Groves v New York City Tr. Auth.*, 44 AD3d 856, 857 [2007]). Moreover, the petitioner failed to meet his initial burden of showing a lack of prejudice or rebutting the

appellant's claim that it will be substantially prejudiced by the three-month delay after the expiration of the 90-day statutory period (*see Matter of Anderson v New York City Dept. of Educ.*, 102 AD3d 958, 960 [2013]; *Matter of Khalid v City of New York*, 91 AD3d 779 [2012]; *Buchanan v Beacon City School Dist.*, 79 AD3d 961, 962 [2010]).

Accordingly, the petition should have been denied and the proceeding dismissed. Leventhal, J.P., Austin, Roman, Miller and Barros, JJ., concur.