■  In the Matter of ROBERT W. CLARK, Appellant, v CITY OF NEW YORK, Respondent. [31 NYS3d 178]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Jimenez-Salta, J.), dated January 23, 2015, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc and, in effect, dismissing the proceeding. The petitioner did not proffer any excuse for the delay of more than eight months in serving a notice of claim and in commencing this proceeding (see Matter of Anderson v New York City Dept. of Educ., 102 AD3d 958, 959 [2013]; Troy v Town of Hyde Park, 63 AD3d 913, 914 [2009]; Matter of Ryder v Garden City School Dist., 277 AD2d 388 [2000]).

Furthermore, the petitioner failed to demonstrate that the respondent had actual knowledge of the essential facts

constituting the claim within 90 days after the claim arose or a reasonable time thereafter (*see* General Municipal Law § 50-e [5]). The petitioner contends that the respondent acquired such knowledge by virtue of a line-of-duty injury report prepared by his supervising officer one day after the incident. However, for a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation (*see Kuterman v City of New York*, 121 AD3d 646, 647 [2014]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769, 770 [2011]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]). The line-of-duty injury report filed with the New York City Police Department shortly after the incident did not provide the respondent with actual knowledge of the essential facts constituting the petitioner's claim that the respondent was negligent in the ownership, operation, supervision, control, maintenance, and repair of a bench upon which the petitioner was sitting when it collapsed, in violation of General Municipal Law § 205-e (*see Matter of Thill v North Shore Cent. Sch. Dist.*, 128 AD3d 976, 977 [2015]; *Matter of Farfan v City of New York*, 101 AD3d 714 [2012]; *Matter of Dominguez v City of New York*, 272 AD2d 326, 327 [2000]). The line-of-duty injury report merely described the circumstances of the accident without making a connection between the petitioner's injuries and the respondent's alleged negligent conduct (*see Matter of Placido v County of Orange*, 112 AD3d 722, 723 [2013]; *Matter of Thompson v City of New York*, 95 AD3d 1024, 1025 [2012]; *Matter of Wright v City of New York*, 66 AD3d 1037, 1038 [2009]). Moreover, a witness statement dated seven months after the incident and an undated aided report worksheet, both of which contained a description of the incident similar to what was contained in the line-of-duty injury report, did not provide actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (*see Matter of Valila v Town of Hempstead*, 107 AD3d 813, 815 [2013]).

In addition, the petitioner failed to rebut the respondent's assertion that the eight-month delay substantially prejudiced its ability to investigate and defend against the claim (*see Matter of Catuosco v City of New York*, 62 AD3d 995, 997 [2009]; *Matter of Pico v City of New York*, 8 AD3d 287, 288 [2004]; *Matter of Termini v Valley Stream Union Free School Dist. No. 13*, 2 AD3d 866, 867 [2003]). Dillon, J.P., Austin, Miller and LaSalle, JJ., concur.