◼ In the Matter of ROSALEE D'AGOSTINO et al., Appellants, v CITY OF NEW YORK et al., Respondents. [46 NYS3d 635]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioners appeal from an order of the Supreme Court, Kings County (Genovesi, J.), dated October 16, 2015, which denied the petition and, in effect, dismissed the proceeding.

Ordered that the order is affirmed, with costs.

"In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant made an excusable error concerning the identity of the public corporation, (3) the delay would substantially prejudice the public corporation in its defense, and (4) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim" (*Kuterman v City of New York*, 121 AD3d 646, 647 [2014]; *see* General Municipal Law § 50-e [5]; *Matter of Valila v Town of Hempstead*, 107 AD3d 813, 814 [2013]). The most important factor "based on its placement in the statute and its relation to other relevant factors is whether the public corporation acquired actual notice of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter" (*Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d 776, 777 [2010] [internal quotation marks and citation omitted]; *see Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138, 147 [2008]). "In order to have actual knowledge of

the essential facts constituting the claim, the public corporation must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim; the public corporation need not have specific notice of the theory or theories themselves" (*Matter of Felice v Eastport/ South Manor Cent. School Dist.*, 50 AD3d at 148; *see Matter of Whittaker v New York City Bd. of Educ.*, 71 AD3d at 777).

"Generally, knowledge of a police officer or of a police department cannot be considered actual knowledge of the public corporation itself regarding the essential facts of a claim" (*Caselli v City of New York*, 105 AD2d 251, 255 [1984]; *see Matter of Mitchell v Town of Greenburgh*, 96 AD3d 852, 853 [2012]; *Matter of Leiblein v Clark*, 207 AD2d 348, 350 [1994]; *Matter of Dube v City of New York*, 158 AD2d 457, 458 [1990]; *Williams v Town of Irondequoit*, 59 AD2d 1049, 1050 [1977]).

The petitioners submitted a copy of a police accident report as an exhibit to their petition. The police accident report indicates that, at the time of the accident, the petitioner Rosalee D'Agostino was the operator of a vehicle in which the petitioner Matea Denoble was a passenger. The petitioners' vehicle was struck in the rear by a vehicle operated by nonparty Alan Rothschild. Rothschild's vehicle was struck in the rear by a police vehicle owned by the respondent City of New York, and operated by the respondent Vincent D. Grippo. The report states that there were no injuries reported or sustained in the accident.

"A report which describes the circumstances of the accident without making a connection between the petitioner's injuries and negligent conduct on the part of the public corporation will not be sufficient to constitute actual notice of the essential facts constituting the claim" (*Matter of Thill v North Shore Cent. Sch. Dist.*, 128 AD3d 976, 977 [2015]; *see Matter of Thompson v City of New York*, 95 AD3d 1024, 1025 [2012]; *see also Matter of Clark v City of New York*, 139 AD3d 849, 850 [2016]). Here, since the police accident report does not connect any injuries sustained by the petitioners to any negligent conduct on the part of the operator of the respondents' vehicle, it was not sufficient to provide the respondents with actual notice of the essential facts constituting the claim. Moreover, the direct involvement of the respondents' employee in the accident itself, without more, is also not sufficient to establish that the respondents acquired actual notice of the essential facts constituting the claim (*see Matter of Thill v North Shore Cent. Sch. Dist.*, 128 AD3d at 977; *Young Soo Chi v Castelli*, 112 AD3d 816 [2013]).

The petitioners did not proffer any excuse for the failure to serve a timely notice of claim (see *Matter of Clark v City of New York*, 139 AD3d at 849; *Matter of Anderson v New York City Dept. of Educ.*, 102 AD3d 958, 959 [2013]; *Troy v Town of Hyde Park*, 63 AD3d 913, 914 [2009]; *Matter of Ryder v Garden City School Dist.*, 277 AD2d 388 [2000]). Moreover, they failed to meet their initial burden of showing that the 10-month delay will not substantially prejudice the respondents' ability to investigate and defend against the claim (see *Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016]).

Accordingly, the Supreme Court providently exercised its discretion in denying the petition for leave to serve a late notice of claim and, in effect, dismissing the proceeding. Chambers, J.P., Roman, Miller and Barros, JJ., concur.