■ In the Matter of FEYSHER C., an Infant, by Her Mother and Natural Guardian, EVELYN G., Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant, et al., Respondents. [52 NYS3d 325]—

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered November 19, 2015, which, inter alia, granted the petition for leave to serve a late notice of claim upon respon-

dent New York City Housing Authority, unanimously reversed, on the law and the facts, without costs, the petition denied, and the proceeding as against the Housing Authority dismissed.

Petitioner failed to establish any of the relevant statutory factors that would warrant leave to serve a late notice of claim (General Municipal Law § 50-e [5]; *Matter of Kelley v New York City Health & Hosps. Corp.*, 76 AD3d 824 [1st Dept 2010]). Petitioner's service of a notice of claim on the City of New York does not excuse her failure to serve the Housing Authority within the statutory period (*see Arias v New York City Hous. Auth.*, 40 AD3d 298 [1st Dept 2007]). The actual knowledge of the facts constituting the claim, acquired by the City of New York, through the notice of claim and General Municipal Law § 50-h hearing, cannot be imputed onto the Housing Authority (*see Seif v City of New York*, 218 AD2d 595, 596 [1st Dept 1995]). Furthermore, there has been no showing that a defense on the merits would not be prejudiced by the over 10-month delay in service (*see Matter of Casale v City of New York*, 95 AD3d 744, 745 [1st Dept 2012]). Concur—Friedman, J.P., Richter, Mazzarelli, Feinman and Gische, JJ.