■ In the Matter of SUSAN CUCCIA, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY, Appellant. [55 NYS3d 83]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the Metropolitan Transit Authority appeals from an order of the Supreme Court, Suffolk County (Martin, J.), dated December 18, 2015, which granted the petition.

Ordered that the order is reversed, on the facts and in the exercise of discretion, the petition is denied, and the proceeding is dismissed.

Timely service of a notice of claim is a condition precedent to the commencement of an action sounding in tort against the Metropolitan Transportation Authority (hereinafter the MTA) (see General Municipal Law § 50-e [1] [a]; Public Authorities Law §§ 1212 [2]; 1276 [2]; Davidson v Bronx Mun. Hosp., 64 NY2d 59, 61 [1984]; O'Brien v City of Syracuse, 54 NY2d 353, 358 [1981]; Matter of Groves v New York City Tr. Auth., 44 AD3d 856 [2007]). In determining whether to extend the time to serve a notice of claim, the court will consider whether, in particular, the public authority received actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the claimant has a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the relevant public authority in its defense on

the merits (*see* General Municipal Law § 50-e [5]; *Matter of Ryan v New York City Tr. Auth.*, 110 AD3d 902, 902-903 [2013]; *Matter of Groves v New York City Tr. Auth.*, 44 AD3d 856 [2007]; *Matter of White v New York City Hous. Auth.*, 38 AD3d 675 [2007]).

The MTA did not acquire timely, actual notice of the essential facts constituting the petitioner's claim. The petitioner contended that the MTA acquired such knowledge by virtue of a police accident report prepared by a police officer who responded to the scene of the accident in which the petitioner was involved, and because the MTA Police Department prepared an incident report and conducted an investigation. However, neither the police accident report, nor the incident report, which indicated that no injuries were reported, provided actual notice of the facts constituting the petitioner's claim that she sustained serious injuries as a result of the MTA's negligence (*see Kuterman v City of New York*, 121 AD3d 646, 648 [2014]; *Matter of Thompson v City of New York*, 95 AD3d 1024, 1025 [2012]; *Matter of Taylor v County of Suffolk*, 90 AD3d 769 [2011]; *Matter of Devivo v Town of Carmel*, 68 AD3d 991, 992 [2009]; *Matter of Wright v City of New York*, 66 AD3d 1037, 1038 [2009]).

Furthermore, the petitioner failed to demonstrate a reasonable excuse for her failure to serve a timely notice of claim. The petitioner failed to demonstrate through admissible medical evidence that she was incapacitated to such an extent that she could not have complied with the statutory requirement to serve a timely notice of claim (*see Matter of Thill v North Shore Cent. Sch. Dist.*, 128 AD3d 976, 978 [2015]; *Matter of Wright v City of New York*, 99 AD3d 717, 718 [2012]; *Matter of Wright v City of New York*, 66 AD3d at 1038; *Matter of Portnov v City of Glen Cove*, 50 AD3d 1041 [2008]).

Finally, the petitioner failed to come forward with "some evidence or plausible argument" that the MTA will not be substantially prejudiced in maintaining a defense on the merits as a result of the lengthy delay in filing the petition and the lack of timely, actual knowledge of the essential facts constituting the claim (*Matter of Newcomb v Middle Country Cent. Sch. Dist.*, 28 NY3d 455, 466 [2016]). Rivera, J.P., Hall, LaSalle and Connolly, JJ., concur.