In an action to recover damages for personal injuries, in which the plaintiff moved pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim against nonparty New York City Housing Authority, nonparty New York City Housing Authority appeals from an order of the Supreme Court, Queens County (Lane, J.), entered May 19, 2016, which granted the plaintiff’s motion.
 

 Ordered that the order is reversed, on the facts and in the exercise of discretion, with costs, and the plaintiff’s motion is denied.
 

 On February 20, 2015, Patrick Kelly allegedly was injured when he slipped and fell on snow and ice on a walkway within a housing complex owned by the New York City Housing Authority (hereinafter NYCHA). On May 19, 2015, Kelly served a notice of claim upon the City of New York, alleging that the accident occurred on the “walkway in front of 12-50 35th Avenue.” According to an affirmation of Kelly’s attorney, on August 5, 2015, Kelly testified at a General Municipal Law § 50-h hearing conducted by the City, at which time it “came out that the fall did not actually occur on a public sidewalk as [Kelly] thought he had accurately characterized to his counsel back in February.” Rather, “[t]he fall actually took place on a walkway within the Rave [n]wood Housing Complex. It was determined soon thereafter that the correct department on [which] to serve a notice of claim” was NYCHA. By order to show cause dated March 8, 2016, Kelly moved, in this personal injury action he commenced against the City, for leave to serve a late notice of claim upon NYCHA. The Supreme Court granted the motion, and NYCHA appeals.
 

 Although the application was improperly brought as a motion in an action pending against the City, the application will be treated as a special proceeding for leave to serve a late notice of claim upon NYCHA (see Matter of Lewin v County of Suffolk, 239 AD2d 345, 346 [1997]; Matter of Sullivan v Lindenhurst Union Free School Dist. No. 4, 178 AD2d 603, 604 [1991]; Rogers v New York City Hous. Auth., 169 AD2d 763 [1991]).
 

 In determining whether a petitioner should be granted leave to serve a late notice of claim against a public housing authority, the court should consider, as key factors, whether the petitioner had a reasonable excuse for the delay in serving a notice of claim, whether the public housing authority acquired actual knowledge of the essential facts of the claim within the statutory 90-day period or within a reasonable time thereafter, whether the petitioner made an excusable error concerning the identity of the public corporation against which the claim should be asserted, and whether the public housing authority will be substantially prejudiced by the delay in its defense on the merits (see General Municipal Law § 50-e [5]; Public Housing Law § 157 [2]; Matter of Borrero v New York City Hous. Auth., 134 AD3d 1104, 1104-1105 [2015]; Matter of Alvarez v New York City Hous. Auth., 97 AD3d 668, 669 [2012]; Matter of Kalambalikis v New York City Hous. Auth., 41 AD3d 848 [2007]).
 

 Here, Kelly failed to provide a reasonable excuse for his failure to serve a timely notice of claim upon NYCHA. Kelly’s excuse, that he first discovered the identity of the owner of the subject walkway at the General Municipal Law § 50-h hearing, arose from a lack of due diligence in investigating the matter, which is an unacceptable excuse (see Matter of Placido v County of Orange, 112 AD3d 722, 723-724 [2013]; Matter of Moore v New York City Hous. Auth., 89 AD3d 1088 [2011]; Matter of Devivo v Town of Carmel, 68 AD3d 991, 992 [2009]). Even if Kelly made an excusable error in identifying the public corporation upon which he was required to serve a notice of claim, he failed to proffer any explanation for the additional seven-month delay between the time that he discovered the error and the filing of his application for leave to serve a late notice of claim (see Kuterman v City of New York, 121 AD3d 646, 647 [2014]; Matter of Murray v Village of Malverne, 118 AD3d 798, 799 [2014]; Matter of Valila v Town of Hempstead, 107 AD3d 813, 814 [2013]).
 

 Furthermore, NYCHA did not acquire timely, actual knowledge of the essential facts constituting Kelly’s claim. Although the City was served with a notice of claim within 90 days after the accident and conducted a General Municipal Law § 50-h hearing about 5V2 months after the accident, notice to the City cannot be imputed to NYCHA (see Matter of Feysher C. v New York City Hous. Auth., 149 AD3d 509, 510 [2017]; Matter of Lyerly v City of New York, 283 AD2d 647, 648 [2001]; Pavone v City of New York, 170 AD2d 493 [1991]). Moreover, the notice of claim, served together with the application upon NYCHA almost 10 months after the 90-day statutory period had elapsed, was served too late to provide NYCHA with actual knowledge of the essential facts constituting the claim within a reasonable time after the expiration of the 90-day statutory period (see Matter of Maggio v City of New York, 137 AD3d 1282, 1283 [2016]; Matter of Stark v West Hempstead Union Free Sch. Dist., 127 AD3d 765, 766 [2015]; Matter of Murray v Village of Malverne, 118 AD3d 798, 799 [2014]).
 

 Finally, Kelly presented no “evidence or plausible argument” that his delay in serving a notice of claim upon NYCHA did not substantially prejudice NYCHA in defending on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466 [2016]; see Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048-1049 [2017]).
 

 Accordingly, the Supreme Court should have denied Kelly’s application for leave to serve a late notice of claim upon NYCHA.
 

 Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.