Matter of Naar v City of New York (2018 NY Slip Op 03683)





Matter of Naar v City of New York


2018 NY Slip Op 03683


Decided on May 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOHN M. LEVENTHAL
SANDRA L. SGROI
JOSEPH J. MALTESE, JJ.


2016-11027
 (Index No. 708445/16)

[*1]In the Matter of Marie N. Naar, appellant, 
v
City of New York, et al., respondents.


Dell & Dean, PLLC (Mischel & Horn, P.C., New York, NY [Scott T. Horn], of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Deborah A. Brenner and Mackenzie Fillow of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered October 13, 2016. The order denied the petition pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim.
ORDERED that the order is affirmed, with costs.
On December 28, 2015, the petitioner allegedly was injured when her vehicle was struck by a fire truck owned by the Fire Department of the City of New York (hereinafter the FDNY). The accident occurred in Queens County. The accident report prepared by the responding police officer indicated that there were no injuries reported at the scene and did not include information regarding the FDNY's vehicle, which left the scene of the accident. The petitioner's counsel addressed a letter dated January 21, 2016, to the FDNY in Brooklyn, advising that counsel was representing the petitioner "for all claims resulting from injuries and/or damages as a result of" the subject accident and requested that the letter be forwarded to the FDNY's insurance company. The FDNY advised the petitioner's counsel to file a notice of claim with "the Office of the Comptroller of the City of New York at the Municipal Building" at "1 Centre Street" in New York City. The petitioner's counsel mailed another letter on March 18, 2016, to the "City of New York" at "1 Center Street, New York, New York," which was returned by the United States Postal Service for "insufficient address." On May 16, 2016, the petitioner's counsel mailed another letter addressed to "the Comptroller of the City of New York" at the 1 Center Street address. By letter dated June 1, 2016, the City of New York, Office of the Comptroller, informed the petitioner that her claim was disallowed because it was not filed within 90 days of the date of the occurrence. Thereafter, the petitioner filed an order to show cause and petition pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the respondents. In support of her petition, she submitted, inter alia, a proposed notice of claim, which alleged that she had sustained injuries to her head, neck, back, right shoulder, both wrists, and right foot as a result of the accident. The Supreme Court denied the petition. The petitioner appeals.
Under General Municipal Law § 50-e(5), in determining whether to grant leave to [*2]serve a late notice of claim, the court must consider, in particular, whether the public corporation acquired actual knowledge of the essential facts constituting the claim within 90 days of the accrual of the claim or within a reasonable time thereafter (see Matter of Lawhorne v City of New York, 133 AD3d 856, 856; Matter of Murray v Village of Malverne, 118 AD3d 798, 799; Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147). Additional factors in determining whether to grant such an extension include whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the delay in seeking leave to serve a late notice of claim, and whether the public corporation was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see General Municipal Law § 50-e[5]; Matter of Maldonado v City of New York, 152 AD3d 522, 522; Matter of Murray v Village of Malverne, 118 AD3d at 799; Matter of Sanchez v City of New York, 116 AD3d 703, 704).
The police accident report and the letter from petitioner's counsel dated January 21, 2016, were inadequate to provide the City with actual knowledge of the facts constituting the claim against it. These documents failed to alert the City to the petitioner's claim that she had been seriously injured as a result of the motor vehicle accident (see Matter of Walker v Riverhead Cent. Sch. Dist., 107 AD3d 727, 728; Matter of Keyes v City of New York, 89 AD3d 1086, 1086; Santana v Western Regional Off-Track Betting Corp., 2 AD3d 1304, 1305; Matter of Spaulding v Cobleskill-Richmondville Cent. School Dist., 289 AD2d 860, 861). The petitioner's contention that the City had actual knowledge of her claim based on the allegation in the petition that its employee was directly involved in the accident, without more, such as a report or other evidence demonstrating that the City acquired timely, actual knowledge of the essential facts constituting the claim, is without merit (see Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976, 977; Matter of Thompson v City of New York, 95 AD3d 1024, 1025). Furthermore, the notice of claim, served upon the City almost 2 months after the 90-day statutory period had expired, was served too late to provide the City with actual knowledge of the essential facts constituting the claim within a reasonable time after the 90-day statutory period had expired (see Matter of Maggio v City of New York, 137 AD3d 1282, 1283; Matter of Stark v West Hempstead Union Free Sch. Dist., 127 AD3d 765, 766; Matter of Murray v Village of Malverne, 118 AD3d at 799).
Moreover, the petitioner failed to demonstrate a reasonable excuse for the failure to serve a timely notice of claim upon the City and for the subsequent delay in filing the petition (see Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d at 978; Matter of Murray v Village of Malverne, 118 AD3d at 799; Matter of Smith v Baldwin Union Free School Dist., 63 AD3d 1078, 1079). The petitioner's delay in serving the notice of claim upon the City was the result of law office failure, which is not a sufficient excuse (see Matter of Morris v City of New York, 132 AD3d 997; Matter of Guminiak v City of Mount Vernon Indus. Dev. Agency, 68 AD3d 1111; Seif v City of New York, 218 AD2d 595, 596). The petitioner proffered no excuse for the delay between the time the City disallowed the claim and the commencement of this proceeding (see Matter of Murray v Village of Malverne, 118 AD3d at 799; Matter of Valila v Town of Hempstead, 107 AD3d 813, 814; Matter of Katsiouras v City of New York, 106 AD3d 916, 918). In addition, the petitioner presented no "evidence or plausible argument" that her delay in serving a notice of claim did not substantially prejudice the City in defending against the petitioner's claim on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1048).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition.
MASTRO, J.P., LEVENTHAL, SGROI and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court