Matter of Palisay v City of New York (2019 NY Slip Op 04172)





Matter of Palisay v City of New York


2019 NY Slip Op 04172


Decided on May 29, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 29, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2018-00446
 (Index No. 85144/17)

[*1]In the Matter of Grace Palisay, appellant, 
v
City of New York, et al., respondents.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Talya M. Seidman of counsel), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Richmond County (Thomas P. Aliotta, J.), dated November 6, 2017. The order denied the petition.
ORDERED that the order is affirmed, with costs.
Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort against a public corporation (see Matter of Bermudez v City of New York, 167 AD3d 733). Pursuant to General Municipal Law § 50-e(5), upon application, the Supreme Court, in its discretion, may extend the time to serve a notice of claim upon a public corporation as required by General Municipal Law § 50-e(1). In determining whether to extend the time to serve a notice of claim, the court must consider all relevant circumstances, including whether the public corporation received actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, whether the claimant has a reasonable excuse for the failure to serve a timely notice of claim, and whether the delay would substantially prejudice the public corporation in its defense on the merits (see General Municipal Law § 50-e[5]; Matter of Bermudez v City of New York, 167 AD3d 733; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849, 849-850).
Here, the petitioner failed to establish that the respondents had actual notice of the essential facts constituting her claim, as opposed to merely notice of the subject accident and injury (see Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 147-148; see also Matter of Maldonado v City of New York, 152 AD3d 522, 523; Indar v City of New York, 71 AD3d 635, 636; Matter of Julie F. v City of New York, 50 AD3d 794, 795). Further, the petitioner failed to establish a reasonable excuse for failing to serve a timely notice of claim (see Matter of Julie F. v City of New York, 50 AD3d at 796; Matter of Cotten v County of Nassau, 307 AD2d 965, 966; see also Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d at 850). Finally, the petitioner failed to satisfy her initial burden of showing that the late notice of claim will not substantially prejudice the respondents (see Matter of Newcomb v Middle County Cent. Sch. Dist., 28 NY3d 455, 466).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition.
RIVERA, J.P., CHAMBERS, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court