Matter of Galicia v City of New York (2019 NY Slip Op 06393)





Matter of Galicia v City of New York


2019 NY Slip Op 06393


Decided on August 28, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
MARK C. DILLON
JOHN M. LEVENTHAL
ROBERT J. MILLER, JJ.


2018-09555
 (Index No. 507051/18)

[*1]In the Matter of Rosa Galicia, appellant,
v
City of New York, et al., respondents.


Harmon, Linder, & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York, NY (Devin Slack and Eric Lee of counsel; Anthony Schaefer on the brief), for respondents.



DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated June 1, 2018. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
The petitioner allegedly was injured when, at the scene of a motor vehicle accident in Brooklyn involving her friend, an unidentified police officer of the New York City Police Department (hereinafter NYPD) grabbed her from behind and threw her to the ground. The petitioner was transported by ambulance to Brookdale Hospital Medical Center and released several hours later. The petitioner subsequently served a proposed notice of claim on the respondent City of New York 25 days beyond the 90-day statutory period (see General Municipal Law § 50-e[1][a]). While the City concedes the service of the proposed notice of claim, there is no evidence in the record that the City rejected the document or that the City noticed or conducted a hearing pursuant to General Municipal Law § 50-h. Nearly 11 months after the petitioner served the untimely notice of claim, she commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim. The Supreme Court denied the petition and, in effect, dismissed the proceeding.
Pursuant to General Municipal Law § 50-e(5), in determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim and for the subsequent delay in seeking leave to serve a late notice of claim, (2) the municipal corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal corporation in its ability to defend against the action (see Matter of Naar v City of New York, 161 AD3d 1081, 1082; Matter of Murray v Village of Malverne, 118 AD3d 798, 799; Matter of Sanchez v City of New York, 116 AD3d 703). Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question [*2]of whether the municipality acquired timely, actual knowledge is of great importance (see Matter of Jaffier v City of New York, 148 AD3d 1021, 1022; Matter of Lawhorne v City of New York, 133 AD3d 856).
The petitioner asserts that she did not become aware of the severity of her left shoulder injury until after she had surgery on it two weeks after the 90 day statutory period expired. However, the medical records she submitted reflect that she consulted with a physician two days prior to the expiration of the statutory period and that she had complained to him of an inability to use or lift her left arm since the time of the occurrence, told him she had not had any treatment since she was injured, and elected to have surgery. Under these circumstances, it cannot be said that the petitioner's failure to serve a timely notice of claim is reasonably attributable to her claimed delayed realization of the severity of her injuries (see Matter of Lodati v City of New York, 303 AD2d 406; Matter of Eaddy v County of Nassau, 282 AD2d 675). Furthermore, the petitioner failed to offer any excuse for the additional 11-month delay between the time that she served her notice of claim without leave of court and the commencement of this proceeding (see Matter of Sanchez v City of New York, 116 AD3d at 704; Matter of Gunsam v Eastern Suffolk Bd. of Coop. Educ. Servs., 109 AD3d 542, 543; Matter of Katsiouras v City of New York, 106 AD3d 916, 918).
The City did not acquire actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter (see General Municipal Law § 50-e[1], [5]). The petitioner relies upon a "FDNY Prehospital Care Report Summary" (hereinafter the report) prepared by Emergency Medical Service workers on the day of the incident. In order for this report to have provided actual knowledge of the essential facts, one must have been able to readily infer from the report that a potentially actionable wrong had been committed by the City (see Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000; Williams v Jamaica Hosp. Med. Ctr., 124 AD3d 636, 638; Matter of Taylor v County of Suffolk, 90 AD3d 769, 770). The report indicates that the first responders, who were in the ambulance attending to the petitioner's friend, requested that the police remove the petitioner from the ambulance. According to the report, the petitioner, who appeared to be intoxicated, was treated for a shoulder injury following a possible fall. Nothing in the report provided the City with actual notice of the petitioner's claims, inter alia, of assault and battery, and use of excessive force by an NYPD police officer, or that she was allegedly injured as a result of the NYPD's wrongful conduct (see Matter of Nicholson v City of New York, 166 AD3d 979, 980; Matter of Clark v City of New York, 139 AD3d 849, 850; Matter of Taylor v County of Suffolk, 90 AD3d at 770). The report made no connection between the petitioner's injuries and any alleged wrongful conduct by the City (see Matter of Devivo v Town of Carmel, 68 AD3d 991). The petitioner's contention that the City had actual knowledge of her claim based on the allegation in the petition that an unidentified employee of the City was directly involved in the incident, without more, such as a report or other evidence demonstrating that the City acquired timely, actual knowledge of the essential facts constituting the claim, is without merit (see Matter of Naar v City of New York, 161 AD3d 1081, 1083; Matter of Fethallah v New York City Police Dept., 150 AD3d at 1000; Matter of Thill v North Shore Cent. Sch. Dist., 128 AD3d 976, 977).
The late notice of claim, served upon the City without leave of court almost one month after the 90-day statutory period had expired, was served too late to provide the City with actual knowledge of the essential facts constituting the claim within a reasonable time after the 90-day statutory period had expired (see Matter of Naar v City of New York, 161 AD3d at 1083; Matter of Murray v Village of Malverne, 118 AD3d 798, 799; Matter of Valila v Town of Hempstead, 107 AD3d 813, 815).
Given the unexplained almost 11-month delay in seeking leave to serve a late notice of claim, the petitioner failed to sustain her initial burden of presenting "some evidence or plausible argument" that granting the petition would not substantially prejudice the City in maintaining its defense on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466; see Matter of Harding v Yonkers Cent. Sch. Dist., 170 AD3d 725; Matter of Fethallah v New York City Police Dept., 150 AD3d at 1001).
Accordingly, the Supreme Court providently exercised its discretion in denying the [*3]petition and, in effect, dismissing the proceeding.
SCHEINKMAN, P.J., DILLON, LEVENTHAL and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court