Matter of Grandberry v City of New York (2022 NY Slip Op 03514)





Matter of Grandberry v City of New York


2022 NY Slip Op 03514


Decided on June 1, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
ANGELA G. IANNACCI
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.


2020-02027
 (Index No. 714162/19)

[*1]In the Matter of Jaszmire Grandberry, etc., appellant,
v
City of New York, respondent.


Wingate, Russotti, Shapiro & Halperin, LLP, New York, NY (David M. Schwarz of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Scott Shorr and Jesse A. Townsend of counsel), for respondent.



DECISION & ORDER
In a proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), entered January 31, 2020. The order denied the petition.
ORDERED that the order is affirmed, with costs.
The petitioner was involved in a motor vehicle accident with a New York City Department of Sanitation vehicle on April 1, 2019. A police accident report completed at that time indicated that no one was injured in the collision and that no repairs exceeding a cost of $1,000 would be needed for either vehicle. In August 2019, the petitioner commenced this proceeding, inter alia, pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the City of New York. The Supreme Court denied the petition, and the petitioner appeals.
Pursuant to General Municipal Law § 50-e(1)(a), a party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460). In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for failing to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action (see General Municipal Law § 50-e[5]; Matter of Molme v New York City Tr. Auth., 177 AD3d 601, 601-602; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d 849).
Here, contrary to the petitioner's contention, the City did not acquire timely, actual knowledge of the essential facts constituting the claim that she sustained serious injuries as a result of the City's negligence (see Matter of Molme v New York City Tr. Auth., 177 AD3d at 602; Matter of Harding v Yonkers Cent. Sch. Dist., 170 AD3d 725, 726; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d at 850). Despite the sanitation truck driver's participation in the accident, the petitioner failed to demonstrate that the driver or any other employee of the City had knowledge that [*2]she sustained any injury from the accident. Thus, the City had no reason to conduct a prompt investigation into the purported negligence (see Matter of Charles v County of Orange, N.Y., 164 AD3d 1232, 1233; Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 912).
Additionally, the petitioner did not proffer any excuse for the failure to serve a timely notice of claim and the delay in commencing this proceeding (see Matter of Molme v New York City Tr. Auth., 177 AD3d at 602; Matter of Cuccia v Metropolitan Transp. Auth., 150 AD3d at 850).
Finally, although the petitioner satisfied her initial burden of showing a lack of substantial prejudice to the City, and the City failed to rebut the showing with particularized evidence of prejudice (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 467), under the circumstances of this case, the balancing of the actual knowledge and reasonable excuse factors weighed against permitting service of a late notice of claim (see Matter of Charles v County of Orange, N.Y., 164 AD3d at 1234; Matter of Ruiz v City of New York, 154 AD3d 945, 946).
The petitioner's remaining contentions are without merit.
Accordingly, the Supreme Court providently exercised its discretion in denying the petition.
BARROS, J.P., IANNACCI, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court