E.R. v Windham (2020 NY Slip Op 01656)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

E.R. v Windham

2020 NY Slip Op 01656

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-07533
2019-00732
2019-00733
(Index No. 500070/17)

[*1]E.R., etc., et al., appellants, 
vGraham Windham, et al., defendants; City of New York, nonparty- respondent.

Krentsel & Guzman, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac, Jillian Rosen, and Christopher Soverow], of counsel), for appellants.
James E. Johnson, Corporation Counsel, New York, NY (Fay Ng and Eric Lee of counsel; Ahmed N. Mabruk on the brief), for nonparty-respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries and intentional infliction of emotional distress, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated April 20, 2018, (2) an order of the same court dated July 26, 2018, and (3) an amended order of the same court dated July 26, 2018. The order dated April 20, 2018, insofar as appealed from, granted the motion of the nonparty City of New York to vacate an order of the same court (Martin M. Solomon, J.) dated July 20, 2017, granting that branch of the plaintiffs' motion which was pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the nonparty City of New York upon its default in opposing that branch of the plaintiffs' motion and, upon vacatur, denied that branch of the plaintiffs' motion. The order dated July 26, 2018, insofar as appealed from, in effect, upon reargument, adhered to its original determination in the order dated April 20, 2018, denying that branch of the plaintiffs' motion which was pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim on the nonparty City of New York. The amended order dated July 26, 2018, insofar as appealed from, in effect, upon reargument, adhered to its original determination in the order dated April 20, 2018, denying that branch of the plaintiffs' motion which was pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the nonparty City of New York.
ORDERED that the appeal from the order dated April 20, 2018, is dismissed, as that order was superseded by the amended order dated July 26, 2018, made, in effect, upon reargument; and it is further,
ORDERED that the appeal from the order dated July 26, 2018, is dismissed, as that order was superseded by the amended order dated July 26, 2018; and it is further,
ORDERED that the amended order dated July 26, 2018, is affirmed insofar as appealed from, and it is further,
ORDERED that one bill of costs is awarded to the nonparty-respondent.
On September 29, 2015, the infant plaintiff, E. R., allegedly was injured when he was sexually assaulted by another foster child in the foster home of the defendant Mary Harris in Brooklyn. On March 30, 2016, E. R., by his mother, and the mother individually (hereinafter together the plaintiffs), commenced an action against the defendants, inter alia, to recover damages for personal injuries.
By notice of motion dated April 26, 2017, the plaintiffs moved, among other things, pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the nonparty City of New York. In an order dated July 20, 2017, the Supreme Court granted that branch of the plaintiffs' motion which was for leave to serve a late notice of claim on the City upon the City's default in opposing that branch of the motion. On October 11, 2017, the plaintiffs served the City with a notice of claim alleging that the City negligently owned, operated, managed, maintained, and controlled the foster home, and negligently placed the infant plaintiff in the foster home.
By notice of motion dated January 31, 2018, the City moved to vacate the default order dated July 20, 2017, and, upon vacatur, for the denial of that branch of the plaintiffs' motion which was for leave to serve a late notice of claim. In support of its motion, the City demonstrated that it was never properly served with the plaintiffs' motion for leave to serve a late notice of claim. By order dated April 20, 2018, the Supreme Court, inter alia, granted the City's motion.
By notice of motion dated May 22, 2018, the plaintiffs moved, in effect, for leave to reargue their opposition to the City's motion to vacate. By amended order dated July 26, 2018, the Supreme Court, in effect, granted leave to reargue and, upon reargument, adhered to its prior determination denying that branch of the plaintiffs' motion which was for leave to serve a late notice of claim. The plaintiffs appeal.
In order to maintain a tort action against a municipality, a claimant generally must serve a notice of claim within 90 days after the claim arises (see General Municipal Law § 50-e[1]). However, courts are authorized to extend the time in which to serve a notice of claim, provided that the extension does not exceed the time limit for the commencement of an action by the claimant against the municipality (see General Municipal Law § 50-e[5]; Pierson v City Of New York, 56 NY2d 950, 954; Matter of R.N. v Village of New Sq., 164 AD3d 508, 509-510; Bazile v City of New York, 94 AD3d 929, 929).
In determining whether to grant leave to serve a late notice of claim, the court must consider whether (1) the municipality or its attorney or insurance carrier acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, (2) the claimant was an infant at the time the claim arose and, if so, whether there was a nexus between the infancy and the failure to serve a timely notice of claim, (3) the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, and (4) the municipality was substantially prejudiced by the delay in its ability to maintain its defense on the merits (see General Municipal Law § 50-e[5]; Williams v Nassau County Med. Ctr., 6 NY3d 531, 535; J.B. v Singh, 172 AD3d 1291, 1292; Matter of R.N. v Village of New Sq., 164 AD3d at 509). The presence or absence of any one factor is not determinative, but whether the municipality had actual knowledge of the essential facts is of great importance (see Matter of Joy v County of Suffolk, 89 AD3d 1025, 1026; Matter of Gonzalez v City of New York, 60 AD3d 1058, 1059). Although the Supreme Court has "broad discretion" to evaluate the factors set forth in General Municipal Law § 50-e(5), its determination must be supported by record evidence (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465).
We agree with the Supreme Court's determination, in effect, upon reargument, to adhere to its original determination in the order dated April 20, 2018, denying that branch of the plaintiffs' motion which was for leave to serve a late notice of claim upon the City on behalf of the mother in her individual capacity, as the statute of limitations for her derivative cause of action had expired at the time the motion was made (see General Municipal Law § 50-i[1][c]; Bazile v City of [*2]New York, 94 AD3d at 930; Kim L. v Port Jervis City School Dist., 77 AD3d 627). The infancy toll (see CPLR 208) is personal to the infant and does not extend to a parent's derivative cause of action (see Bazile v City of New York, 94 AD3d at 930; Kim L. v Port Jervis City School Dist., 77 AD3d at 630; Blackburn v Three Vil. Cent. School Dist., 270 AD2d 298, 298).
We also agree with Supreme Court's determination, in effect, upon reargument, to adhere to its original determination in the order dated April 20, 2018, denying that branch of the plaintiffs' motion which was for leave to serve a late notice of claim upon the City on behalf of the infant plaintiff. The plaintiffs moved, inter alia, for leave to serve a late notice of claim in April 2017, which was 1 year and 4 months after the 90-day statutory period expired, and 1 year and 1 month after the action was commenced. The plaintiffs did not demonstrate a reasonable excuse for the failure to serve a timely notice of claim or explain the delay between the time that they commenced this action and the filing of the motion (see Matter of Naar v City of New York, 161 AD3d 1081, 1083; Kelly v City of New York, 153 AD3d 1388, 1389; Kuterman v City of New York, 121 AD3d 646, 647). The plaintiffs' conclusory assertion that the delay was caused by the infant plaintiff's infancy was insufficient to constitute a reasonable excuse without a showing of any nexus between the infancy and the delay (see Williams v Nassau County Med. Ctr., 6 NY3d 531, 538; Williams v Jamaica Hosp. Med. Ctr., 124 AD3d 636; Lyles v New York City Health & Hosps. Corp., 121 AD3d 648, 649; Matter of Doe v Goshen Cent. School Dist., 13 AD3d 526).
In addition, the plaintiffs failed to offer any evidence to show that the City acquired actual knowledge of the essential facts constituting the claim within the 90-day statutory period or a reasonable time thereafter (see Williams v Nassau County Med. Ctr., 6 NY3d at 538; Humsted v New York City Health & Hosps. Corp., 142 AD3d 1139, 1140; Matter of Cali v City of Poughkeepsie, 84 AD3d 1229, 1229-1230; Hebbard v Carpenter, 37 AD3d 538, 540). The plaintiffs' mere allegations of the existence of records prepared by criminal investigators, without evidence of their content, were insufficient to impute actual knowledge to the City (see Matter of Nicholson v City of New York, 166 AD3d 979, 980).
Finally, given that the City demonstrated that it was never properly served with the plaintiffs' motion for leave to serve a late notice of claim, the plaintiffs failed to present "some evidence or plausible argument" supporting a finding that the City, which did not receive notice of the plaintiffs' claim until it was served with a late notice of claim more than two years after the claim accrued, would not be substantially prejudiced by the plaintiffs' substantial delay in seeking leave to serve a late notice of claim (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; see Matter of Harding v Yonkers Cent. Sch. Dist., 170 AD3d 725, 727; Matter of Ramos v Board of Educ. of the City of New York, 148 AD3d 909, 912). Accordingly, under the circumstances, the Supreme Court providently exercised its discretion in denying that branch of the plaintiffs' motion which was for leave to serve a late notice of claim upon the City on behalf of the infant plaintiff.
RIVERA, J.P., CHAMBERS, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court