Melcer v City of New York (2020 NY Slip Op 03774)





Melcer v City of New York


2020 NY Slip Op 03774


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2018-14362
2019-08098
 (Index No. 503768/18)

[*1]Jeffrey Melcer, etc., et al., appellants,
v
City of New York, et al., respondents, et al, defendant.


Melcer Newman PLLC, New York, NY (Jeffrey Melcer pro se of counsel), for appellants.
Gordon Rees Scully Mansukhani, LLP, New York, NY (Brian Middlebrook and John T. Mills of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for conscious pain and suffering and wrongful death, the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated October 5, 2018, and (2) an order of the same court (Ingrid Joseph, J.) dated May 2, 2019. The order dated October 5, 2018, denied the plaintiffs' motion pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the defendants City of New York and New York City Department of Education. The order dated May 2, 2019, insofar as appealed from, denied that branch of the plaintiffs' motion which was to stay the action until the completion of certain related criminal proceedings against individuals who are not parties to this action and granted the cross motion of the defendants City of New York and New York City Department of Education pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them.
ORDERED that the order dated October 5, 2018, is affirmed; and it is further,
ORDERED that the order dated May 2, 2019, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the respondents.
In February 2018, the plaintiffs commenced this action against the City of New York and the New York City Department of Education (hereinafter the DOE, and hereinafter together with the City of New York, the defendants), inter alia, to recover damages for the wrongful death of the decedent on premises which the plaintiffs alleged are owned and operated by the defendants. Specifically, the plaintiffs alleged that in December 2016, the decedent and his brother were playing in a soccer match on the premises of the Juan Morel Campos Secondary School in Brooklyn. According to the plaintiffs, after the game was terminated by the referees due to excessive violence [*2]during the match, members of the opposing soccer team stabbed the decedent and his brother causing the decedent's death and injuries to his brother.
In March 2018, the plaintiffs moved pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim upon the defendants. In an order dated October 5, 2018, the Supreme Court denied the plaintiffs' motion. Thereafter, the plaintiffs moved, inter alia, to stay this action until the related criminal proceedings against the assailants were completed, and the defendants cross-moved pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them. In an order dated May 2, 2019, the Supreme Court, inter alia, denied that branch of the plaintiffs' motion which was for a stay and granted the defendants' cross motion.
In determining whether to grant a motion for leave to serve a late notice of claim, a court must consider all relevant facts and circumstances, including whether the claimant demonstrated a reasonable excuse for the failure to serve a timely notice of claim, whether the municipal corporation acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and whether the delay would substantially prejudice the municipal corporation in its defense (see Education Law § 3813[2-a]; General Municipal Law § 50-e[5]; Matter of Miskin v City of New York, 175 AD3d 684; Horn v Bellmore Union Free Sch. Dist., 139 AD3d 1006, 1007). The presence or absence of any one factor is not necessarily determinative, but whether the municipal corporation had actual knowledge of the essential facts constituting the claim is significant (see Matter of Miskin v City of New York, 175 AD3d at 685; Horn v Bellmore Union Free Sch. Dist., 139 AD3d at 1007).
Here, we agree with the Supreme Court's determination denying the plaintiffs' motion for leave to serve a late notice of claim. The plaintiffs failed to demonstrate that the defendants obtained actual knowledge of the essential facts constituting the claims within 90 days after the claims arose or a reasonable time thereafter. The criminal complaint prepared by the New York City Police Department (hereinafter NYPD) is not evidence that the defendants acquired actual knowledge of the essential facts underlying the claims against them (see Matter of Vega v Incorporated Vil. of Freeport, 164 AD3d 514, 515; Facey v City of New York, 150 AD3d 826, 827). The NYPD complaint, which indicated only that the decedent was stabbed multiple times upon the body causing his demise, failed to provide actual notice of the facts constituting the plaintiffs' claims of, inter alia, negligent supervision, failure to provide adequate security and staffing, failure to prevent foreseeable injury, and failure to call for additional police support, or that the decedent's brother was injured as a result of the defendants' alleged negligence (see Matter of Harding v Yonkers Cent. Sch. Dist., 170 AD3d 725, 726; Matter of Mitchell v Town of Greenburgh, 96 AD3d 852, 852-853). Moreover, the plaintiffs' allegations about NYPD police investigation reports and records of the Kings County District Attorney's Office, without evidence of the contents of such alleged records, do not establish that the defendants acquired actual knowledge of any alleged wrongdoing on their part (see Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 1000; Matter of Hamilton v City of New York, 145 AD3d 784, 785).
The plaintiffs also did not demonstrate a reasonable excuse for their failure to serve a timely notice of claim. The fear of retaliation by the government because of the decedent's brother and other family members' lack of legal status in the United States was not reasonable (see Matter of Formisano v Eastchester Union Free School Dist., 59 AD3d 543, 544; Matter of Landa v City of New York, 252 AD2d 525, 526).
Finally, the plaintiffs failed to sustain their initial burden of presenting "some evidence or plausible argument" that the defendants were not substantially prejudiced by the one-year delay from the expiration of the 90-day statutory period in defending on the merits (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 466). Notably, the delay has deprived the defendants of the opportunity to promptly find and interview witnesses and obtain a medical examination of the injured plaintiff, or otherwise conduct a timely and meaningful investigation of the claims (see Matter of Molme v New York City Tr. Auth., 177 AD3d 601, 602; Matter of Fernandez v City of New York, 131 AD3d 532, 533).
In light of the above, we also agree with the Supreme Court's determination granting the defendants' cross motion pursuant to CPLR 3211(a)(7) to dismiss the complaint insofar as asserted against them on the ground that the plaintiffs failed to serve a timely notice of claim (see Ibarra v New York City Health & Hosps. Corp. [Woodhull Med. & Mental Health Ctr.], 37 AD3d 660, 661-662).
The plaintiffs' remaining contention is without merit (see generally Matter of Astor, 62 AD3d 867, 868-869).
RIVERA, J.P., HINDS-RADIX, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court