Parker v City of New York (2022 NY Slip Op 04032)

Parker v City of New York

2022 NY Slip Op 04032

Decided on June 22, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 22, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
DEBORAH A. DOWLING, JJ.

2020-06091
 (Index No. 526104/19)

[*1]Gary Parker, appellant,
v
City of New York, respondent.

Sim & Depaola, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York, NY (Devin Slack and Kevin Osowski of counsel; Aaron Cole on the brief), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Kings County (Rosemarie Montalbano, J.), dated April 17, 2020, which denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On May 22, 2019, the petitioner allegedly was falsely arrested and assaulted, including being tasered by one or more New York City police officers. While being treated at a hospital after the alleged incident, the petitioner allegedly was tasered a second time. According to the petitioner, he remained in custody for approximately 24 hours and was thereafter released without any charges being filed against him. Approximately seven months later, in December 2019, the petitioner commenced this proceeding against the City of New York for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc. In support of the petition, he contended that his delay was caused by an inability to retain legal counsel, that the City timely acquired actual knowledge of the essential facts constituting the claim, and that the City would not be substantially prejudiced by the delay. The Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioner appeals.
"'Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality'" (Matter of Ruiz v City of New York, 154 AD3d 945, 946, quoting Matter of Zaid v City of New York, 87 AD3d 661, 662). "In order to maintain a tort action against a municipality, a claimant generally must serve a notice of claim within 90 days after the claim arises" (E.R. v Windham, 181 AD3d 736, 737; see General Municipal Law § 50-e[1]). "However, a court, in its discretion, may extend the time for a petitioner to serve a notice of claim" (Matter of Fethallah v New York City Police Dept., 150 AD3d 998, 999; see Matter of Wooden v City of New York, 136 AD3d 932; Matter of Mitchell v City of New York, 134 AD3d 941). In determining whether to grant a petition for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, a court must consider all relevant circumstances, including, but not limited to, whether the municipality acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, [*2]whether the delay would substantially prejudice the municipality in its defense, and whether the petitioner demonstrated a reasonable excuse for the failure to serve a timely notice of claim (see Matter of Ibrahim v New York City Tr. Auth., 202 AD3d 786, 787; Etienne v City of New York, 189 AD3d 1400, 1401). "Although the Supreme Court has 'broad discretion' to evaluate the factors set forth in General Municipal Law § 50-e(5), its determination must be supported by record evidence" (E.R. v Windham, 181 AD3d at 738, quoting Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 465). "'While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance'" (Matter of Mohamed v New York City, 139 AD3d 858, 858, quoting Matter of Placido v County of Orange, 112 AD3d 722, 723; see Matter of Galicia v City of New York, 175 AD3d 681, 682).
Here, the petitioner failed to demonstrate that the City had actual knowledge of the essential facts constituting the claim within 90 days after its accrual or a reasonable time thereafter.
In order for a municipality to have actual knowledge of the essential facts constituting a claim, it "must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim" (Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148; see Matter of Ramos v Board of Educ. of the City of N.Y., 148 AD3d 909, 911). Unsubstantiated and conclusory allegations that the municipality acquired timely actual knowledge of the essential facts constituting the claim through the contents of reports and other documentation are insufficient (see Humsted v New York City Health & Hosps. Corp., 142 AD3d 1139, 1140; Matter of Padgett v City of New York, 78 AD3d 949, 950). Contrary to the petitioner's contention, the involvement of the City's police officers in the alleged incident did not, without more, establish that the City had actual knowledge of the essential facts constituting the petitioner's claims for, inter alia, false arrest and assault (see Etienne v City of New York, 189 AD3d at 1401-1402; Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1214; Matter of Fethallah v New York City Police Dept., 150 AD3d at 1000). Moreover, the mere alleged existence of reports and records, without evidence of their content, is insufficient to impute actual knowledge to the City (see Etienne v City of New York, 189 AD3d at 1402; Melcer v City of New York, 185 AD3d 672, 674-675; Matter of Degraffe v New York City Tr. Auth., 160 AD3d 949, 950).
The petitioner also failed to provide a reasonable excuse for his failure to serve a timely notice of claim (see Matter of Degraffe v New York City Tr. Auth., 160 AD3d at 950; Matter of Mitchell v Town of Greenburgh, 96 AD3d 852, 853). Finally, the petitioner failed to present "some evidence or plausible argument" supporting a finding that the City was not substantially prejudiced by the delay (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Fethallah v New York City Police Dept., 150 AD3d at 1001 [internal quotation marks omitted]; see Matter of A.C. v West Babylon Union Free Sch. Dist., 147 AD3d 1047, 1049).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
DILLON, J.P., ROMAN, MALTESE and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court