Matter of Poster v Incorporated Vil. of New Hyde Park (2022 NY Slip Op 04914)

Matter of Poster v Incorporated Vil. of New Hyde Park

2022 NY Slip Op 04914

Decided on August 10, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
DEBORAH A. DOWLING, JJ.

2021-00290
 (Index No. 609734/20)

[*1]In the Matter of Brian Poster, et al., appellants,
v
Incorporated Village of New Hyde Park, respondent.

Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellants.
Gerber Ciano Kelly Brady, LLP, Garden City, NY (Jamie R. Prisco and Brian W. McElhenny of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law 50-e(5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Nassau County (Helen Voutsinas, J.), dated January 5, 2021. The order denied the petition and, in effect, dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On June 24, 2019, the petitioner Brian Poster allegedly was injured when he tripped and fell at the New Hyde Park train station in New Hyde Park. On July 19, 2019, Poster served a notice of claim upon the Long Island Rail Road (hereinafter the LIRR) and the Metropolitan Transit Authority (hereinafter the MTA). On February 6, 2020, Poster, and his wife suing derivatively, commenced an action by summons and complaint against the LIRR and the MTA. In an answer dated March 3, 2020, the LIRR and the MTA denied that they owned, maintained, managed, or operated the location where the accident took place. On June 16, 2020, the LIRR and the MTA filed a third-party complaint against the Incorporated Village of New Hyde Park, alleging that the Village was responsible for maintaining the location where the accident took place. The Village answered the third-party complaint on August 11, 2020. On or about September 16, 2020, approximately 15 months after the accident, Poster and his wife (hereinafter together the petitioners) commenced the instant proceeding, by order to show cause and petition, for leave to serve a late notice of claim on the Village. The Village opposed the petition. In an order dated January 5, 2021, the Supreme Court denied the petition and, in effect, dismissed the proceeding. The petitioners appeal.
"Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort against a municipal entity" (Matter of Bermudez v City of New York, 167 AD3d 733, 733-734). "In determining whether to extend the time to serve a notice of claim, the court will consider whether (1) the claimant has a reasonable excuse for the failure to serve a timely notice of claim and for the delay in seeking leave to serve a late notice of claim, (2) the public corporation received actual notice of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay would substantially prejudice the public corporation in its defense on the merits" (Durand v MV Transp., Inc., 186 AD3d 564, 565). "Neither the presence nor absence of any one factor is determinative, although it is generally recognized that the question of whether the municipal entity timely acquired actual knowledge is of great importance" (Matter [*2]of Zelin v Blind Brook-Ry Union Free Sch. Dist., 164 AD3d 1352, 1353; see Matter of McVea v County of Orange, 186 AD3d 1221, 1222).
Here, the petitioners conceded in the petition that the record contained no evidence that the Village received actual timely knowledge of the essential facts constituting the claim (see Matter of Zelin v Blind Brook-Ry Union Free Sch. Dist., 164 AD3d at 1353; Matter of McVea v County of Orange, 186 AD3d at 1222). The petitioners also did not provide a reasonable excuse for their failure to serve a timely notice of claim, as the petitioners' failure to identify all the parties that may have been responsible for the alleged defective condition is "attributable to a lack of due diligence in investigating the matter," which does not constitute a reasonable excuse (Matter of Suraty v City of New York, 188 AD3d 702, 703; see Matter of Thomas v New York City Hous. Auth., 200 AD3d 1051, 1052; Matter of Perez v City of New York, 175 AD3d 1534, 1536). Moreover, even if we were to accept that the petitioners made an excusable error in identifying the entity upon which they were required to serve a notice of claim, the petitioners failed to proffer any explanation for the additional delay between the time that the LIRR and the MTA filed their third-party complaint against the Village and the time the petitioners commenced the instant proceeding (see Kelly v City of New York, 153 AD3d 1388, 1389; Kuterman v City of New York, 121 AD3d 646, 647).
Finally, contrary to the petitioners' contention, two photographs depicting the location of Poster's fall, which Poster testified at a hearing pursuant to General Municipal Law § 50-h were taken the day after the incident, were insufficient to satisfy the petitioners' initial burden of showing that the Village would not be substantially prejudiced in maintaining a defense of the action as a result of the petitioners' delay (see Matter of Perez v City of New York, 175 AD3d at 1536; Matter of Nadler v City of New York, 166 AD3d 618, 621).
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and, in effect, dismissing the proceeding.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court