Matter of Alexander v County of Nassau (2024 NY Slip Op 02698)

Matter of Alexander v County of Nassau

2024 NY Slip Op 02698

Decided on May 15, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
HELEN VOUTSINAS
JANICE A. TAYLOR, JJ.

2021-03539
 (Index No. 600748/21)

[*1]In the Matter of Ah-Kimm Alexander, appellant,
v
County of Nassau, respondent.

Cellino Law LLP, Garden City, NY (John E. Lavelle of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert V. Van der Waag and Samantha A. Goetz of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated April 29, 2021. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On June 5, 2019, the petitioner allegedly sustained personal injuries when the motorcycle he was riding was involved in an accident in Nassau County. On January 19, 2021, the petitioner commenced this proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim on the County of Nassau or to deem a late notice of claim timely served upon the County nunc pro tunc. In an order dated April 29, 2021, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"Timely service of a notice of claim is a condition precedent to a lawsuit sounding in tort and commenced against a municipality" (Parker v City of New York, 206 AD3d 936, 937 [internal quotation marks omitted]; see General Municipal Law § 50-e[1]). However, "General Municipal Law § 50-e(5) permits a court, in its discretion, to extend the time for a petitioner to serve a notice of claim" (Matter of Lang v County of Nassau, 210 AD3d 773, 774 [internal quotation marks omitted]).
"In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action" (id.; see General Municipal Law § 50-e[5]; Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 463-464). "While the presence or the absence of any one of the factors is not necessarily determinative, whether the municipality had actual knowledge of the essential facts constituting the claim is of great importance" (Parker v City of New York, 206 AD3d at 938 [internal quotation marks omitted]).
Here, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding. The petitioner failed to demonstrate a reasonable excuse for his failure to serve a timely notice of claim. The petitioner's failure to identify the County as a potentially liable party in this case was "attributable to a lack of due diligence in investigating the matter, which does not constitute a reasonable excuse" (Matter of Poster v Incorporated Vil. of New Hyde Park, 208 AD3d 585, 586 [alterations and internal quotation marks omitted]).
Contrary to the petitioner's contention, the County did not acquire timely, actual knowledge of the essential facts constituting the petitioner's claim (see Parker v City of New York, 206 AD3d at 938). "Generally, knowledge of a police officer or of a police department cannot be considered actual knowledge of the public corporation itself regarding the essential facts of a claim" (Matter of Cruz v Transdev Servs., Inc., 160 AD3d 729, 731 [internal quotation marks omitted]). "For a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation" (Matter of Johnson v County of Suffolk, 167 AD3d 742, 745 [internal quotation marks omitted]).
Here, neither the police accident report nor the ambulance report submitted by the petitioner in support of the petition contained facts from which it could be "readily inferred that a potentially actionable wrong had been committed" by the County (Matter of Salazar v City of New York, 212 AD3d 633, 635 [internal quotation marks omitted]; cf. Matter of Jaffier v City of New York, 148 AD3d 1021, 1023). Furthermore, under the circumstances of this case, the petitioner's submission of various Google images purporting to show that roadway defects had periodically existed at the location of the accident over the course of several years did not demonstrate the County's actual knowledge of the defect in question at the time of the petitioner's accident or that the County had actual knowledge of the facts constituting the petitioner's claim (see Matter of Perez v City of New York, 175 AD3d 1534, 1535).
The petitioner also failed to meet his burden of presenting some evidence or plausible argument that supports a finding that the approximately 17-month delay in this case would not substantially prejudice the County in maintaining a defense on the merits (see Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d at 466; Matter of Lang v County of Nassau, 210 AD3d at 775-776).
Accordingly, we affirm the order.
BRATHWAITE NELSON, J.P., MALTESE, VOUTSINAS and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court