Matter of Gutierrez v City of New York (2025 NY Slip Op 02067)

Matter of Gutierrez v City of New York

2025 NY Slip Op 02067

Decided on April 9, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 9, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LARA J. GENOVESI
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2023-02708
 (Index No. 724466/22)

[*1]In the Matter of Vilma Gutierrez, appellant, 
v
City of New York, respondent.

Ami Morgenstern, Long Island City, NY (Marc Andrew Williams of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Ingrid R. Gustafson and Diana Lawless of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc, the petitioner appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated March 1, 2023. The order denied the petition and dismissed the proceeding.
ORDERED that the order is affirmed, with costs.
On November 18, 2022, the petitioner commenced this proceeding against the City of New York pursuant to General Municipal Law § 50-e(5) for leave to serve a late notice of claim or to deem a late notice of claim timely served nunc pro tunc. The petitioner alleged, inter alia, that she was injured on July 31, 2022, when she tripped and fell on a sidewalk defect in Queens. In an order dated March 1, 2023, the Supreme Court denied the petition and dismissed the proceeding. The petitioner appeals.
"A party seeking to sue a public corporation must serve a notice of claim on the prospective defendant within 90 days after the claim arises" (Lobos v City of New York, 219 AD3d 720, 721; see General Municipal Law § 50-e[1][a]). "General Municipal Law § 50-e(5) permits a court, in its discretion, to extend the time for a petitioner to serve a notice of claim" (Matter of Newcomb v Middle Country Cent. Sch. Dist., 28 NY3d 455, 460-461). In determining whether to grant leave to serve a late notice of claim, the court must consider all relevant circumstances, including whether (1) the claimant demonstrated a reasonable excuse for the failure to timely serve the notice, (2) the municipal entity acquired actual knowledge of the essential facts constituting the claim within 90 days after the claim arose or a reasonable time thereafter, and (3) the delay in seeking leave would substantially prejudice the municipal entity in its ability to defend against the action (see General Municipal Law § 50-e[5]; Matter of Lang v County of Nassau, 210 AD3d 773, 774).
Here, the petitioner failed to demonstrate that the City obtained timely, actual knowledge of the essential facts constituting the claim (see Parker v City of New York, 206 AD3d 936, 937). "In order for a municipality to have actual knowledge of the essential facts constituting [*2]the claim, '[it] must have knowledge of the facts that underlie the legal theory or theories on which liability is predicated in the notice of claim'" (Lobos v City of New York, 219 AD3d at 721, quoting Matter of Felice v Eastport/South Manor Cent. School Dist., 50 AD3d 138, 148). "Unsubstantiated and conclusory assertions that the municipality acquired timely actual knowledge of the essential facts constituting the claim through the contents of reports and other documentation are insufficient" (id. at 721-722; see Parker v City of New York, 206 AD3d at 938). "'[F]or a report to provide actual knowledge of the essential facts, one must be able to readily infer from that report that a potentially actionable wrong had been committed by the public corporation'" (Matter of C.N. v City of New York, 208 AD3d 784, 786, quoting Matter of Nunez v Village of Rockville Ctr., 176 AD3d 1211, 1214-1215).
Contrary to the petitioner's contention, a Big Apple map from 2003, which contains no information about the petitioner's fall and was created nearly two decades before the alleged incident, did not provide the City with "knowledge of the circumstances of the accident from which it could readily infer that a potentially actionable wrong had been committed by it" (Matter of Lang v County of Nassau, 210 AD3d at 775 [internal quotation marks omitted]). Moreover, the late notice of claim, served upon the City without leave of court approximately one month after the 90-day statutory period had expired, was served too late to provide the City with actual knowledge of the essential facts constituting the claim within a reasonable time after the 90-day statutory period had expired (see Matter of Galicia v City of New York, 175 AD3d 681, 683; Matter of Murray v Village of Malverne, 118 AD3d 798, 799).
The petitioner also failed to provide a reasonable excuse for the failure to serve a timely notice of claim. The petitioner claims that she initially misidentified the cause of her fall due to confusion caused by a head injury, which led her attorneys to believe that the property owner rather than the City was liable. However, the petitioner failed to provide adequate medical evidence explaining why her alleged injuries would cause such confusion (see Matter of Fernandez v City of New York, 131 AD3d 532, 533; Matter of Bramble v New York City Dept. of Educ., 125 AD3d 856, 858). In addition, under the circumstances, the failure of the petitioner's attorneys to timely discover the true cause of her fall amounts to "a lack of due diligence in investigating the matter, which does not constitute a reasonable excuse" (Matter of Poster v Incorporated Vil. of New Hyde Park, 208 AD3d 585, 586 [internal quotation marks omitted]).
The petitioner's conclusory statements in support of her contention that the City did not suffer substantial prejudice, including that there were no eyewitnesses and that there "is no issue about memories fading," were inadequate to satisfy her burden with respect to this factor (see Matter of Pil-Yong Yoo v County of Suffolk, 215 AD3d 852, 854). The condition on which the petitioner allegedly fell is generally considered "transitory" (Matter of Ashkenazie v City of New York, 165 AD3d 785, 787), and the petitioner failed to present any evidence that the City would not be substantially prejudiced by the delay.
Accordingly, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding.
DUFFY, J.P., GENOVESI, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court